ORDERED.

Dated:  June 22, 2021

_____
Roberta A. Colton
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                                    Case No.: 8:19-bk-10520-RCT

                                                                                Chapter 7
Gary Key and
 Ramona Key,

      Debtors.
_____/

**ORDER GRANTING TRUSTEE'S MOTION TO APPROVE A SHORT
SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS,
ENCUMBRANCES, AND INTERESTS PURSUANT TO 11 U.S.C. § 363(b), (f), AND (m)**

**THIS PROCEEDING** came on for hearing on June 15, 2021, 2021 to consider Chapter 7 Trustee, Traci Stevenson's ("Trustee") Motion to Sell Real Property Free and Clear of Liens (the "Motion") (Doc. 21).  For the reasons stated on the record at the hearing, accordingly it is

**ORDERED:**

1. The Motion (Doc. 21) is GRANTED.

2. The Trustee is authorized to sell the real property located at:

Lot 10, Block 5, Hill 'N Dale Unit #1, according to the map or plat thereof, as recorded in Plat Book 6, Page(s) 84, of the Public Records of Hernando County, Florida.

more commonly known as, 27276 Warner Ave Brooksville, FL 34602 (the "Real Property"), conditioned on the consent of its lienholder(s), and in accordance with the terms provided for in the Motion.

3. The Trustee is authorized to pay the secured mortgage creditor, The USDA Rural Development Home Loans, (also known as "Secured Creditor") the full amount of their lien as of the date of closing or other amount agreeable to the Secured Creditor to release their lien.

4. The Trustee is authorized to take any all actions and to execute any and all documents necessary and appropriate to effectuate and consummate the terms of said sale, including, executing a deed conveying the interests of the Debtor in the Real Property to Ketan Patel (the "Buyer").

5. Pursuant to Section 363(f) of the Bankruptcy Code, effective upon closing, the sale of the Real Property will vest in the Buyer(s) all right, title and interest of the Debtors and the bankruptcy estate in the Real Property, free and clear of the liens, claims or interests listed below (collectively, the "Affected Interests"):

   a. Gary Key, & Ramona Key, Debtors, name on deed
   b. USDA Rural Development Home Loans, mortgage lienholder

6.      This Order is and shall be effective as a determination that, upon and subject to the occurrence of the closing of the sale, all Affected Interests have been and hereby are adjudged and declared to be unconditionally released as to the Real Property.

7.      The Buyers have not assumed any liabilities of the Debtor.

8.      The Trustee, and any escrow agent upon the Trustee's written instruction, shall be authorized to make such disbursements on or after the closing of the sale as are required by the purchase agreement or order of this Court, including, but not limited to, (a) all delinquent real property taxes and outstanding post-petition real property taxes pro-rated as of the closing with respect to the real property included among the purchased assets; and (b) other anticipated closing costs (estimated below):

| | |
|---|---|
| Total Sales/Brokers Commission: | |
| 2% to Coldwell Banker Realty | $2,420.00 |
| 2% to Coldwell Banker | $2,420.00 |
| 2% to BK Global Real Estate Services | $2,420.00 |
| Title Charges: | $3,059.74 |
| Other / Debits | $4,160.15 |
| (incl. 506(c) surcharge, Trustee Liability Insurance) | |
| Satisfaction of Liens: | |
| The Federal Savings Bank (home mortgage servicer) | $102,120.11 |
| Hernando County Housing Authority | $2,500.00 |

Without further order of the court, the Trustee is authorized to pay closing costs in amounts different than the estimated amounts described above so long as they are within industry standard

and with the consent of the lienholder, Secured Creditor and applicable home owners association.

9. Except as otherwise provided in the Motion, the Real Property shall be sold, transferred, and delivered to Buyers on an "as is, where is" or "with all faults" basis.

10. Buyer is approved as a buyers in good faith in accordance with Section 363(m) of the Bankruptcy Code, and Buyer shall be entitled to all protections of Section 363(m) of the Bankruptcy Code.

11. This Court retains jurisdiction to enforce and implement the terms and provisions of this Order and the purchase agreement, all amendments thereto, any waivers and consents thereunder, and each of the documents executed in connection therewith in all respects, including retaining jurisdiction to (a) compel delivery of the Real Property to the Buyer(s), (b) resolve any disputes arising under or related to the purchase agreement, and (c) resolve any disputes regarding liens, claims, or interests asserted against the Real Property.

12. The purchase agreement and any related documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' bankruptcy estate.

Trustee Traci K. Stevenson, is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this order.